**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHARLES MCGOWAN,<br>        Appellant, | DOCKET NUMBER<br>DA-0432-14-0458-I-2 |
| v. | |
| DEPARTMENT OF AGRICULTURE,<br>        Agency. | DATE: September 4, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew R. Young</u>, Esquire, <u>Cristabel Jimenez</u>, Esquire, and <u>Ellen Sprovach</u>, Esquire, Houston, Texas, for the appellant.

<u>Julieanna Walker</u>, New Orleans, Louisiana, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal of the appellant for unacceptable performance. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2	The administrative judge issued an initial decision on April 27, 2023, affirming the agency's removal of the appellant from the position of Supervisory Program Analyst for unacceptable performance. *McGowan v. Department of Agriculture*, MSPB Docket No. DA-0432-14-0458-I-2, Appeal File, Tab 32, Initial Decision (ID). The initial decision advised the appellant that the deadline to file a petition for review was June 1, 2023, and provided information as to how to file a petition for review. ID at 41-42.

¶3	On June 1, 2023, the appellant's attorney emailed the Dallas Regional Office and attached a petition for review. Petition for Review (PFR) File, Tab 6 at 5. That email was forwarded to the Office of the Clerk of the Board. *Id*. at 8. The appellant's attorney was informed in a June 2, 2023 email from the Office of the Clerk of the Board that the petition for review had to be filed by an acceptable method, i.e., electronically through e-Appeal, or by mail, facsimile, or commercial delivery. *Id*. The email also stated that no further action would be taken in response to the attorney's email and attachment. *Id*. The appellant, through his attorney, eventually filed a petition for review by facsimile on June 8, 2023. PFR File, Tab 3 at 49. The Board's acknowledgment letter identified June 8, 2023, as the filing date and provided information as to how to file a motion to accept the filing as timely or to waive the time limit for good cause. PFR File, Tab 4 at 1-2. In response, the appellant's attorney argues that she instructed her staff to file the petition for review on June 2, 2023, but that they failed to file it until June 8, 2023. PFR File, Tab 6 at 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4	A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, 30 days after the date the appellant received the initial decision. 5 C.F.R.

§ 1201.114(e). It is the appellant's burden of proof, by a preponderance of the evidence, to establish the timeliness of his petition for review. 5 C.F.R. § 1201.56(b)(2)(B); *see McPherson v. Department of the Treasury*, 104 M.S.P.R. 547, ¶ 4 (2007). Under the Board's regulations, a pleading, such as a petition for review, may be filed by mail, facsimile, commercial or personal delivery, or electronic filing. 5 C.F.R. § 1201.4(i). E-Appeal is the exclusive system for electronic filing with the Board. 5 C.F.R. § 1201.14(d) (2023). The Board will not accept pleadings by email. *Id.*

¶5    Here, as discussed above, the deadline to file the appellant's petition for review was June 1, 2023. ID at 41-42. After a June 1, 2023 email from the Office of the Clerk of the Board informed the appellant's representative that the petition for review sent via email would not be processed, in accordance with 5 C.F.R. § 1201.14(d) (2023), the appellant filed his petition for review via an acceptable means of submission on June 8, 2023. PFR File, Tab 1, Tab 6 at 8. Thus, the petition for review was 7 days late.

¶6    As the appellant filed his petition for review late, the issue is whether he established good cause to waive the time limit. The Board will waive a petition for review filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition for review, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control which affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Rivera*,

111 M.S.P.R. 581, ¶ 4 (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

¶7        In the appellant's motion to waive the time limit, the appellant's attorney argues that the late submission of the petition for review was not due to the fault of the appellant.  PFR File, Tab 6 at 6.  However, the Board has held that a claim of inadequate representation does not furnish good cause for waiver of the Board's time limits because an appellant is responsible for the actions or inactions of his chosen representative.  *Edmundson v. Department of Justice*, 73 M.S.P.R. 267, 270 (1997); *see Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (stating that an appellant is responsible for the errors of his representative).  Furthermore, to the extent that the appellant's attorney argues that she believed that email was an acceptable means to file, the Board has held that the appellant's representative's erroneous legal belief does not establish good cause for a filing delay.  *Hairston v. Department of Defense*, 119 M.S.P.R. 162, ¶ 18 (2013), *modified on other grounds by Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 18 n.7 (2014).

¶8        As a limited exception to the rule in *Edmundson*, good cause may be shown for a filing delay if the appellant shows that he actively monitored the progress of his appeal but that his representative thwarted his diligent efforts to pursue the appeal.  *Edmundson*, 73 M.S.P.R. at 270.  Here, the appellant does not meet the limited exception because he did not allege that he actively monitored the progress of his petition for review or that he inquired about whether it had been filed in the period between the due date (June 1, 2023) and the actual date of filing (June 8, 2023).

¶9        Also, in the appellant's motion to waive the time limit, the appellant's attorney acknowledges that she received an email from the Board on June 2, 2023, informing her that the June 1, 2023 filing via email was not acceptable. PFR File, Tab 6 at 5-6.  In the motion, the attorney further explained that she then sent a directive to her administrative staff to fax the petition for review to the

Board. *Id.* at 6. On June 8, 2023, she learned that the petition for review had not yet been filed and subsequently filed it the same day. *Id.* The argument asserted by the appellant's attorney—that a mistake by the attorney's staff caused the filing delay—does not ordinarily excuse an attorney's failure to meet the filing deadline.[2] *See Freeman v. Office of Personnel Management*, 58 M.S.P.R. 337, 339 (1993) (finding that a "miscommunication among members of an attorney's support staff" did not establish good cause for a 3-day delay in filing a petition for review); *see also Moore v. Department of the Treasury*, 41 M.S.P.R. 35, 37 (1989) (finding that a clerical error by the appellant's attorney's support staff did not constitute good cause for the untimely filing of a petition for review). Her failure to follow up with her staff for 6 days after having been notified that she was already late filing the appellant's petition for review shows a lack of due diligence.

¶10   As stated above, the petition for review was filed 7 days late. While this delay is not particularly long, it is not trivial. *See Pace v. Office of Personnel Management*, 113 M.S.P.R. 681, ¶¶ 5, 11 (2010) (finding that a 6-day delay in filing a petition for review is not minimal); *see also Gonzalez v. Department of Veterans Affairs*, 111 M.S.P.R. 697, ¶ 11 (2009) (finding that an 8-day delay in filing a petition for review is not minimal). In any event, the Board has consistently denied waiver of the filing deadline in the absence of good cause for the filing delay, even when the delay is minimal and the petitioning party is pro se. *Pace*, 113 M.S.P.R. 681, ¶ 11. Here, of course, the appellant is represented by an attorney.

¶11   Based on the analysis set forth above, we dismiss the petition for review as untimely filed without good cause shown for the delay. This is the final decision of the Merit Systems Protection Board concerning the timeliness of the

---

[2] In *Dunbar v. Department of the Navy*, 43 M.S.P.R. 640, 642-44 (1990), the Board found good cause for the untimely filing of an appeal when the appellant's attorney's secretary intentionally failed to file the appeal despite being instructed to file it. There is no suggestion of such deliberate defiance in this appeal.

appellant's petition for review.  The initial decision remains the final decision of the Board concerning the merits of the appeal.  5 C.F.R. § 1201.113(c).

<strong>NOTICE OF APPEAL RIGHTS</strong>[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.